UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LUCAS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>O. IVAN WHITE, et al.,<br><br>　　　　Defendants. | Case No. 96-cv-02905-TEH   (JSW)<br><br>**ORDER DENYING MOTION TO INTERVENE TO ENFORCE SETTLEMENT AGREEMENT AND ATTENDANT MOTIONS AND INSTRUCTIONS TO CLERK**<br><br>Re: Dkt. Nos. 84, 86, 92, 96 |

Now before the Court for consideration is Rhonda Fleming's motion to intervene to enforce a settlement agreement the parties in this case entered in February 2008. Ms. Fleming is acting *pro se*. Plaintiffs, through counsel, filed a response to the motion. The Court *sua sponte* extended the time for defendants to file a response after their initial deadline lapsed. Although the Court also directed that a copy of its order extending that deadline be served by mail on counsel for the Defendants, defendants did not respond to Ms. Fleming's motion.

Ms. Fleming filed a supplemental brief on October 15, 2018, which included a request to reinstate the case, and on December 4, 2018, respectively. (Dkt. Nos. 84, 93, 97.) In addition to the motion to intervene to enforce the settlement agreement, Ms. Fleming filed a motion for a temporary restraining order, which repeats many of the allegations addressed in the motion to intervene. Ms. Fleming also seeks relief that comports with the terms of the settlement agreement at issue.[1]

---

[1] In her request for a TRO and other briefs, Ms. Fleming asserts she has been the victim of sexual assaults or harassment at institutions located outside this District. To the extent Ms. Fleming is challenging specific conditions of confinement or seeks relief from the individuals involved in those incidents, this Court is not the proper venue to seek such relief. Accordingly, the Court denies the request for a TRO on that basis. On December 4, 2018, Ms. Fleming filed

1

1   The Court has considered the parties' papers, relevant legal authority, and the record in this
2   case. For the reasons set forth herein, the Court DENIES Ms. Fleming's motion to intervene to
3   enforce the settlement agreement.

### BACKGROUND

Plaintiffs in this case, female inmates housed at the Federal Detention Center Pleasanton, California ("FDC Pleasanton") and the Federal Correctional Institution Dublin, California ("FCI Dublin"), filed suit on August 13, 1996. The case was neither filed nor pursued as a class action. According to plaintiffs, FDC Pleasanton was generally used to confine male inmates and only a few women were housed there. Plaintiffs alleged that while incarcerated at these institutions, they were subjected to a pattern and practice of: sexual assaults; intimidation; physical, sexual, and verbal abuse; threats of violence; sexual harassment; and other violations of law including retaliation for complaining about unlawful conduct. Plaintiffs alleged the assaults were perpetrated by male inmates, whom the guards let roam fee or allowed into female inmates' cells, and by correctional officers. Plaintiffs also alleged that "the lack of appropriate training, policies, and procedures that allowed such conduct to occur, violated their rights under the First, Fourth, Fifth, and Eighth amendments of the United States Constitution." *See Lucas v. White*, 63 F. Supp. 2d 1046, 1050-51 (N.D. Cal. 1999).

In February 1998, the parties settled the lawsuit. *Id.* at 1051. As part of the agreement, the Bureau of Prisons ("BOP") agreed

> to implement a wide range of reforms affecting every federal prison. The reforms involve changes to policies, procedures, and personnel training that are designed to reduce the risk to female prisoners of sexual assaults and harassment by correctional staff and male prisoners, and to provide appropriate programming, counseling, and services to female prisoners who are victims of sexual assault. Specifically, defendants agreed to the following reforms on a national level: (1) establishment of a national training program to prevent the sexual assault of female prisoners, (2) provision of psychological and medical services for victims of sexual assault, (3)

---

motion for default judgment. In that motion, Ms. Fleming asks that the Court grant the motion to intervene on the basis that it is unopposed by Defendants. The Court DENIES that motion, and it shall evaluate the motion to intervene and to enforce the settlement agreement on the merits.

2

>    revision and amendment of the program statement for victims of sexual assault, and (4) adoption of measures to protect victim confidentiality. The government also agreed to the comprehensive monitoring of these reforms.

*Lucas*, 63 F. Supp. 2d at 1051. (*See also* Declaration of Michael Bien ("Bien Decl."), Ex. A (Settlement Agreement, §§ I.C, II.E).)

After the parties executed the Settlement Agreement, Plaintiffs dismissed their claims for damages with prejudice and dismissed the claims for injunctive relief without prejudice. (Bien Decl., ¶ 6; Ex. B.) Plaintiffs' counsel attests that in 1998 and 1999, the BOP provided him with written reports detailing the progress of implementing the requirements of the Settlement Agreement. He also attests that he provided proposed revisions to some of these materials. (Bien Decl., ¶ 7.) Pursuant to the terms of the Settlement Agreement, the case was dismissed with prejudice in March 2000. (*Id.* ¶ 8, Ex. C; Settlement Agreement, § I.C.)

According to Ms. Fleming, "[d]efendants continuously fail to abide by the settlement and are in fact sexually abusing and/or punishing female inmates who report credible instances of sexual assaults, harassment, and non-consensual affairs with correctional staff. The policies are on paper, but not in practice." (Mot. to Intervene at 1-2.) Ms. Fleming argues that, in part, this stems from policies on the housing of transgender inmates.[2] (*Id.* at 4-5.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

Ms. Fleming moves to intervene for the purposes of obtaining an order enforcing the settlement agreement. "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71. The Settlement Agreement contains provisions requiring the BOP to take certain actions at a national level, which would benefit female inmates housed in BOP facilities such as Ms. Fleming. However, the Settlement Agreement is a "private settlement agreement" under the Prison

---

[2] Ms. Fleming also raised these issues in cases filed in the United States District Court for the Northern District of Texas. *See Rhames v. United States*, No. 17-cv-00009-O and *United States v. Fleming,* No. 18-cv-00004-O.

3

Litigation Reform Act of 1995 ("PLRA").  (*See* Settlement Agreement, § I.A; *see also id.* § II.A.)

Under the PLRA, "the term 'private settlement agreement' means an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled."  18 U.S.C. § 3626(g)(6); *see also id.* § 3626(c)(2)(A).  The PLRA also provides that "[n]othing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law."  *Id.*§ 3626(c)(2)(B). The parties expressly addressed the remedy regarding reinstatement of the case in the Settlement Agreement.  (*See* Settlement Agreement, §§ II.A.1, III.C.)

The parties agreed the BOP would develop programs and policies regarding sexual assaults and harassment.  (*See, e.g.,* Settlement Agreement, §§ III.E.1, III.E.3, III.E.5, III.F, III.H.)[3] Section III.G, which refers to psychological and medical services for victims, states that the BOP will "assure that any inmate who claims to be the victim of a sexual assault is promptly provided with appropriate medical and psychological care in an environment that meets both the inmate's safety and therapeutic needs."  The BOP was required to comply with its obligations under the Settlement Agreement by June 30, 1999, and the parties agreed the case would be dismissed with prejudice after those obligations were complete.

The Court does not intend to minimize Ms. Fleming's allegations regarding sexual abuse she has suffered or her assertions that female inmates are sexually assaulted and/or sexually harassed by other inmates and correctional officers.  However, the Court takes into consideration the fact that plaintiffs' counsel does not suggest the BOP failed to comply with its obligations under the Settlement Agreement or that it has otherwise breached the terms of that agreement. The Court also notes that this case arose out of the plaintiffs' complaints about the way they were treated at two local facilities.  The Court concludes that Ms. Fleming has not presented the Court with a basis to reinstate *this* case.  18 U.S.C. § 3626(c)(2)(A).

Accordingly, the Court DENIES Ms. Fleming's motion to intervene and to enforce the

---

[3]  Ms. Fleming does not dispute that policies are in place.  She argues they are not being implemented.

4

Settlement Agreement, the motion for a temporary restraining order, and the motion to reinstate the case. In light of this ruling, Ms. Fleming's request that the Court appoint Plaintiffs' counsel to represent her is moot.

The Clerk shall serve a copy of this Order on AUSA Sara Winslow, Chief of the Civil Division of the United States Attorney's Office for the Northern District of California.

**IT IS SO ORDERED.**

Dated: December 10, 2018

_____
JEFFREY S. WHITE
United States District Judge