UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LUCAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>O. IVAN WHITE, et al.,<br><br>    Defendants. | Case No. 96-cv-02905-TEH (JST)<br><br>**ORDER DENYING MOTION TO INTERVENE AND MOTION TO REOPEN THE CASE**<br><br>Re: ECF Nos. 99, 100 |

Now before the Court are two motions in this case related to a private settlement reached by the parties in February 1996. ECF Nos. 99, 100. The matter has been referred to the undersigned judge as General Duty judge.

Because these motions both seek to reopen this closed case, some background is in order. The 1998 settlement in this case was obtained by three female prisoner Plaintiffs who claimed to have suffered sexual assault and harassment while incarcerated at the Federal Detention Center Pleasanton and the Federal Correctional Institution Dublin. That settlement required the Bureau of Prisons "to implement a wide range of reforms affecting every federal prison. The reforms involve changes to policies, procedures, and personnel training that are designed to reduce the risk to female prisoners of sexual assaults and harassment by correctional staff and male prisoners, and to provide appropriate programming, counseling, and services to female prisoners who are victims of sexual assault." *Lucas v. White*, 63 F. Supp. 2d 1046, 1051 (N.D. Cal. 1999). The Settlement required the Government to perform all of its settlement obligations by June 30, 1999. ECF No. 88 at 2. The Government having satisfied those obligations, and pursuant to the terms of the Settlement Agreement, the case was dismissed with prejudice in March 2000. ECF No. 98 at 3. The case was neither filed nor certified as a class action.

On December 12, 2018, Syeria Hephzibah, an inmate at FCI Tallahassee, filed a *pro se* motion to intervene to enforce the settlement. ECF No. 99. Hephzibah complains that correctional officers conducted numerous strip and body cavity searches on her at federal and state holding facilities in Florida, and she requests "that she be added to the [above-captioned] sexual abuse class-action lawsuit." *Id.* at 1.

On December 26, 2018, Jeanette Driever separately filed a *pro se* motion "to reopen the case, appoint a Special Master, consolidate the claims of all Plaintiffs, allow Attorney Michael W. Bien's law firm to represent all Plaintiffs, and any other relief the Court deems necessary." ECF No. 100 at 1. Driever alleges that she was sexually assaulted by a correctional officer at a halfway house in New Mexico under contract with the Bureau of Prisons ("BOP"). *Id.* She asserts that the BOP failed to provide her or other victims of the same offender with medical or mental health care after they were assaulted. *Id.*

The PLRA generally contemplates that prison litigation may be resolved by agreement in one of two ways: by a "consent decree" or by a "private settlement agreement." *Disability Law Ctr. v. Massachusetts Dep't of Correction*, 960 F. Supp. 2d 271, 283 (D. Mass. 2012) (citing 18 U.S.C. § 3626(c)). Under the PLRA, "the term 'private settlement agreement' means an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled." 18 U.S.C. § 3626(g)(6); *see also id.* § 3626(c)(2)(A). The settlement agreement in this case is such an agreement. Indeed, the agreement itself explicitly noted that "[p]ursuant to the PLRA, the only remedy available to [P]laintiffs in the event of a breach of this agreement is to reinstate the underlying action." ECF No. 88-1 at 19.[1]

As Plaintiffs' counsel Michael Bien acknowledged in a recent declaration submitted in response to an earlier motion to intervene, the settlement in this case "was an individual private settlement within the meaning of the [Prison Litigation Reform Act] . . . , not a consent decree or a

---

[1] The PLRA also provides that "[n]othing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law." 18 U.S.C. § 3626(c)(2)(B).

class settlement. The Settlement explicitly states that, in accordance with the PLRA, its terms are not court-enforceable other than through reinstatement of the underlying civil proceeding." ECF No. 88-1 at 2.

This history prevents the Court from granting either of the pending motions. The Court does nothing here to minimize the serious allegations made by either Hephzibah or Driever. Those allegations do not show, however, that the Defendants have breached their obligations under the settlement. They also do not constitute a basis for the Court to reinstate the case. Accordingly, Hephzibah's motion to intervene and Driever's motion to reopen the case are hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 9, 2019



JON S. TIGAR
United States District Judge