**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN LUCAS; et al., | No. 19-15176 |
| Plaintiffs-Appellees, | D.C. No. 3:96-cv-02905-TEH |
| v. | |
| O. IVAN WHITE; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| v. | |
| RHONDA FLEMING, Proposed Intervenor, | |
| Movant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 14, 2020***

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Federal prisoner Rhonda Fleming appeals pro se from the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order denying her motion to intervene and to enforce the settlement agreement in *Lucas v. White*, 96-cv-02905 (N.D. Cal.).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo whether a district court has subject matter jurisdiction to enforce a settlement agreement.  *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016).  We affirm.

The district court properly denied Fleming's motion because it had previously dismissed the action with prejudice and did not expressly retain jurisdiction or incorporate the terms of the settlement agreement in its order.  *See Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016) ("If a district court wishes to retain jurisdiction to later enforce the terms of a settlement agreement, the order dismissing a case with prejudice must incorporate the terms of the settlement agreement or expressly retain jurisdiction.").

The district court did not abuse its discretion by denying Fleming's motion for default.  *See Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980) (setting forth standard of review and explaining that the district court may deny a motion for default where the claims of the party seeking default lack merit).

We reject as without merit Fleming's contention that the district court denied her due process.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**